UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

WAYNE O. BROWN,
and other similarly situated individuals,

    Plaintiff (s),

v.

LEE MEMORIAL HEALTH SYSTEM
FOUNDATION, INC.
d/b/a HEALTHPARK MEDICAL CENTER

    Defendant.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff WAYNE O. BROWN, by and through the undersigned counsel, and hereby sues Defendant LEE MEMORIAL HEALTH SYSTEM FOUNDATION, INC., d/b/a HEALTHPARK MEDICAL CENTER and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff WAYNE O. BROWN is a resident of Lee County, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Defendant LEE MEMORIAL HEALTH SYSTEM FOUNDATION, INC., d/b/a HEALTHPARK MEDICAL CENTER (hereinafter HEALTHPARK MEDICAL CENTER, or Defendant) is a Florida corporation which has place of business within the

jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce. Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Lee County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after October 2018 (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Corporate Defendant HEALTHPARK MEDICAL CENTER is a medical center located at 9981 HealthPark Drive, Fort Myers, FL 33908, where Plaintiff worked.

7. Defendant HEALTHPARK MEDICAL CENTER employed Plaintiff WAYNE O. BROWN as a non-exempt, hourly, full-time employee, from on or about October 01, 2016 through approximately June 7, 2019, or 140 weeks. However, for FLSA purposes Plaintiff's relevant period of employment is 138 weeks. Plaintiff did not work the last 2 weeks.

8. Plaintiff was a security officer, and his wage rate was $15.35 an hour. Plaintiff overtime rate was $23.03 an hour.

9. During his relevant employment period with Defendant, Plaintiff had a regular schedule, he regularly worked 5 days. Sometimes, Plaintiff worked 6 days per week. Plaintiff worked approximately from 55 to 60 hours weekly. Plaintiff was paid overtime hours at the rate of time and one-half his regular rate.

10. However, Plaintiff alleges that during his time of employment, every week Defendant improperly and automatically deducted 2.5 hours weekly from compensable time as lunch time taken, regardless the fact that Plaintiff was unable to take bona-fide lunch breaks.

11. Those 2.5 hours automatically deducted from compensable time as lunch time by the Defendant, constitute 2.5 additional overtime hours that were never paid to Plaintiff. In weeks in which Plaintiff worked 6 days Defendant improperly and automatically deducted from Plaintiff's wages 3 hours as lunch time.

12. Plaintiff clocked in an out and Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid bi-weekly by direct deposits.

15. On or about June 07, 2019, Defendant terminated Plaintiff's employment due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

16. Plaintiff is not in possession of time and payment records, but he is going to provide a good faith estimate based on a workweek of 5 days.

17. Plaintiff WAYNE O. BROWN seeks to recover a minimum of 2.5 unpaid overtime hours in weeks of 5 days, and 3 unpaid overtime hours in workweeks of 6 days, corresponding to unproperly deducted lunch time during all the relevant weeks that he worked for Defendant, as well as liquidated damages, attorney fees and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

18. Plaintiff WAYNE O. BROWN re-adopts every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff and those similarly-situated to recover from the Employers HEALTHPARK MEDICAL CENTER unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half-time the regular rate at which he is employed."

20. At all times pertinent to this Complaint, Defendant HEALTHPARK MEDICAL CENTER was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a hospital providing medical care. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce. The Employer/Defendant obtains

and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

21. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities as a security officer, Plaintiff performed safety activities directed to protect the operations of an enterprise engaged in interstate commerce. Therefore, there is FLSA individual coverage.

22. Defendant HEALTHPARK MEDICAL CENTER employed Plaintiff WAYNE O. BROWN as a non-exempt, hourly, full-time employee, from on or about October 01, 2016 through approximately June 7, 2019, or 140 weeks. However, for FLSA purposes Plaintiff's relevant period of employment is 138 weeks. Plaintiff did not work the last 2 weeks of employment.

23. Plaintiff was a security officer, and his wage rate was $15.35 an hour. Plaintiff overtime rate was $23.03 an hour.

24. During his relevant employment period with Defendant, Plaintiff had a regular schedule, he regularly worked 5 days. Sometimes, Plaintiff worked 6 days per week. Plaintiff worked approximately from 55 to 60 hours weekly. Plaintiff was paid overtime hours at the rate of time and one-half his regular rate.

25. However, Plaintiff alleges that during his time of employment, every week Defendant improperly and automatically deducted 2.5 hours weekly from compensable time, as lunch time taken, regardless the fact that Plaintiff was unable to take bona-fide lunch breaks.

26. Those 2.5 hours automatically deducted from compensable time as lunch time by the Defendant, constitute 2.5 additional overtime hours that were never paid to Plaintiff. In weeks in which Plaintiff worked 6 days Defendant improperly and automatically deducted 3 hours, as lunch time.

27. Plaintiff clocked in an out and Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff was paid bi-weekly by direct deposits.

30. The records, if any, concerning the number of hours worked by Plaintiff WAYNE O. BROWN, and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

31. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on preliminary calculation for workweeks of 5 days and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid overtime wages</u>:

      Seven Thousand Nine Hundred Forty-Six Dollars and 04/100 ($7,946.04)

    b. <u>Calculation of such wages</u>:

      Total time of employment: 140 weeks
      Total relevant period of employment: 138 weeks
      Total hours worked: more than 40 hours
      Total unpaid overtime hours: 2.5 O/T hours
      Regular rate: $15.35 an hour x 1.5= $23.03 O/T rate
      O/T rate: $23.03 an hour

      O/T rate $23.03 x 2.5 O/T hours=$57.58 weekly
      $57.58 weekly x 138 weeks=$7,946.04

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

      This amount represents the unpaid overtime wages.

33. At all times material hereto, the Employer/Defendant HEALTHPARK MEDICAL CENTER failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff and other similarly situated individuals, at the rate of time and one half his regular rate for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. Defendant HEALTHPARK MEDICAL CENTER knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

35. Defendant HEALTHPARK MEDICAL CENTER willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing

Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WAYNE O. BROWN and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff WAYNE O. BROWN and against the Defendant HEALTHPARK MEDICAL CENTER based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff WAYNE O. BROWN and those similarly situated demand trial by jury of all issues triable as of right by jury.

DATED: August 5, 2019.

          Respectfully submitted,

          By: **/s/ Zandro E. Palma**
          ZANDRO E. PALMA, P.A.
          Florida Bar No.: 0024031
          9100 S. Dadeland Blvd.

        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*