# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter referred to as the "Agreement") is by and between Wayne O. Brown ("Brown") on the one hand, and Lee Memorial Health System d/b/a Lee Health ("Lee Health"), a special purpose unit of local government, created by the Florida legislature, Chapter 63-1552, Laws of Florida, Special Acts, 1963, recodified by Chapter 2000-439, Laws of Florida, Specials Acts, 2000, and all its related corporations, parents, subsidiaries and affiliates, and its respective current and former officers, employees, trustees, directors, attorneys, insurers, agents, and its successors and assigns, individually and in their representative capacities, and any entity or individual affiliated with any of the foregoing (hereinafter collectively referred to as "Lee Health" or "the Company") on the other hand. Brown and Lee Health will be collectively referred to as "the Parties."

WHEREAS, Brown was previously employed with Lee Health and his employment ended effective on or about June 7, 2019;

WHEREAS, on or about August 5, 2019, Brown filed a lawsuit in the Middle District of Florida styled *Wayne O. Brown v. Lee Memorial Health System Foundation, Inc.*, Case No. 2:19-cv-00546-SPC-MRM (the "Litigation").[1]  Brown alleges that Lee Health did not pay him for overtime wages, as required by the Fair Labor Standards Act ("FLSA").  Brown and Lee Health have a bona fide dispute over these claims.

WHEREAS, Lee Health denies liability and any wrongdoing with respect to Brown.  Lee Health further asserts that it is entitled to sovereign immunity from Brown's claims under the FLSA.

WHEREAS, the Parties desire to resolve all disagreements between them, including those asserted in the Litigation, without admission of liability or wrongdoing by anyone;

NOW, THEREFORE, in consideration of the mutual promises, obligations and agreements contained herein, and for good and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be bound as follows:

1. **Consideration.**

   A. In consideration of Brown' execution of this Agreement and compliance with its terms and dismissal of the Litigation with prejudice, Lee Health agrees to pay to Brown a total of Nine Thousand One Hundred and Twenty Five Dollars ($9,125.00) (the "Settlement Sum") as follows:

      (i) Lee Health will pay Two Thousand Five Hundred Dollars ($2,500.00), less deductions for applicable federal, state and local income and employment taxes, for alleged unpaid overtime wages by check made payable to Wayne O. Brown.

---

[1] Defendant was mistakenly identified as "Lee Memorial Health System Foundation, Inc." however Plaintiff was ever only employed by Lee Memorial Health System d/b/a Lee Health, as defined herein.

  (ii) Lee Health will pay Two Thousand Five Hundred Dollars ($2,500.00), for alleged liquidated damages by check made payable to Wayne O. Brown. Lee Health will provide Brown an IRS Form 1099 Misc. for this amount; and

  (iii) Lee Health will pay Four Thousand One Hundred and Twenty Five Dollars ($4,125.00), for attorney's fees and costs, by check made payable to the law firm The Law Offices of Zandro E. Palma, P.A. Lee Health will provide Brown and this law firm with IRS Forms 1099 Misc. for this amount.

B. The above sums will be paid in exchange for Brown' release of claims and other promises below, and in full and complete settlement of any and all claims or potential claims between the parties, including any and all claims for back pay, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs or other relief. Brown agrees that the payments to be made by Lee Health under this Agreement constitute adequate consideration for the release of claims described in Section 2 below and the other obligations assumed by Brown under this Agreement.

C. The three separate checks discussed in Section 1.A above, shall be sent by regular mail or commercial carrier to Zandro E. Palma, Esq., Law Offices of Zandro E. Palma, P.A., 9100 South Dadeland Blvd., Suite 1500, Miami, Florida 33156 within 10 calendar days from Plaintiff's execution of this settlement agreement and receipt of 1) the Court's approval of the Parties' Joint Motion For Entry of Order Approving Settlement and Dismissing Case with Prejudice; and 2) completed tax forms necessary for processing payment.

D. As to the payments made to Brown, Brown agrees that he shall be responsible for the payment of any and all taxes, fines, penalties, or interest resulting from the above payments. Brown further agrees to indemnify the Company for any and all reasonable expenses, attorney's fees and costs incurred by it in connection with any action brought by any taxing authority or governmental agency as a result of his failure, or alleged failure, to pay taxes, fines, penalties, or interest owed by him.

2. **Release of Claims and Waiver.**

  A. Brown agrees on behalf of himself, his heirs, executors, administrators, successors and assigns to release, and hereby releases, Lee Health to the fullest extent permitted by law from all claims asserted in the Lawsuit, including all claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"); all claims arising out of any other state or local wage, minimum wage or overtime laws, and all derivative claims relating to unpaid wages, minimum wage and overtime compensation, up to and

including the date on which Brown executes this Agreement, including all claims for liquidated, punitive, or penalty damages, interest, and attorneys' fees and costs.

B. After consultation with his counsel, and in consideration of all the facts and circumstances surrounding his employment with Lee Health, Brown agrees to compromise his claims for unpaid wages, minimum wage and overtime compensation and other relief in exchange for payment of the Settlement Sum. Brown stipulates and agrees that the terms of this Agreement represent a reasonable compromise of a bona fide dispute regarding his entitlement to statutory wages, minimum wage and overtime compensation and other relief under the FLSA.

C. Brown acknowledges and agrees that he is aware of his rights under the laws specifically and generally described above and that he knowingly and voluntarily waives those rights to the full extent that waiver is allowed by law. If any claim described in the release in this Section 2 is not subject to release, to the extent permitted by law, Brown waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such claims described in Section 2 in which Lee Health or any of its current or former parent companies, subsidiaries and affiliates, or any of its/their current and former officers, directors, agents or employees, individually or collectively, is a party.

**3. No Assignment of Claims.** Brown represents and warrants that he has not heretofore given, sold, assigned or transferred or purported to give, sell, assign or transfer any claim discussed in this Agreement or any part or portion thereof to anyone else. Brown agrees to indemnify and hold Lee Health harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on, in connection with, or arising out of any such gift, sale, assignment or transfer or purported or claimed gift, sale, assignment or transfer.

**4. No Bankruptcy Proceedings.** By signing this Agreement, Brown warrants and represents that he is not a party to a pending bankruptcy and is not aware of any current or pending liens, levies, encumbrances or other third-party obligations that may be implicated by the payment of the Settlement Sum. Brown agrees to indemnify and hold Lee Health harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on, in connection with, or arising out of any such bankruptcy, lien, levy, encumbrance, or other third-party obligation.

**5. Future Employment.** Brown understands and agrees that, as a condition of this Agreement, he shall not be entitled to employment with the Company, and Brown hereby waives any right, or alleged right, of employment or re-employment with the Company. Brown further agrees that he will not knowingly apply for employment with the Company at any future time, and

will not offer or provide any services to the Company as an independent contractor. In the event that Brown is ever mistakenly employed by the Company or enters into a contract with the Company, he agrees to have his employment or contract with the Company terminated with no resulting claim or cause of action against the Company.

6. **Compensation and Leave.** Brown acknowledges and affirmatively represents that he has received all of the monetary compensation, including wages, salary, commissions, bonuses, and/or overtime compensation, to which he believes he is legally entitled from Lee Health under the FLSA and any other federal, state, or local law. Additionally, Brown acknowledges that he has received all the leave from work for family and/or personal medical reasons and/or other benefits to which Brown believes he is entitled under the Family and Medical Leave Act of 1993 ("FMLA") and/or any other federal, state or local law. Brown further represents and affirms that he has not made any request for leave pursuant to the Family and Medical Leave Act which was not granted, nor has Lee Health interfered in any way with his efforts to take leave pursuant to the Family and Medical Leave Act. Brown acknowledges that Lee Health has not taken any adverse action against him as a result of any leave or request for leave covered by the FMLA and/or any other federal, state or local law.

7. **Use of Agreement in Subsequent Proceedings**. Brown and Lee Health agree that this Agreement may be used as evidence in a proceeding in which Lee Health alleges a breach of this Agreement or as a complete defense to any lawsuit or claim. Other than this exception, Brown and Lee Health agree that this Agreement will not be introduced as evidence in any administrative proceeding or lawsuit.

8. **No Other Promises**. Brown further represents that neither Lee Health nor any of its agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein and that Brown' decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document.

9. **Non-Admissions.** Brown expressly acknowledges that neither this Agreement nor the furnishing of the consideration of this Agreement shall be deemed or construed at any time for any purpose as an admission by Lee Health of any liability or unlawful conduct of any kind.

10. **Miscellaneous Terms.**

    A.  This Agreement is entered into in the State of Florida and shall be construed and interpreted in accordance with the laws of the State of Florida. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in a state court located in Fort Myers, Florida or federal court located in Fort Myers, Florida. Both Parties hereby irrevocably submit to the exclusive jurisdiction of such courts and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue.

4841-2339-6009.3 104342.1001

Doc ID: 62899dd2d636fee96965631b53647e035fe656da

B. Each and every term of this Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the parties hereto.

C. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

D. In the event any provision of this Agreement should be held by a court of competent jurisdiction to be unenforceable and incapable of being modified to be legal, each and all of the other provisions of this Agreement shall remain in full force and effect.

E. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by all parties. This Agreement may not be modified orally. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

_____
WAYNE O. BROWN

Date: 10 / 18 / 2019


LEE MEMORIAL HEALTH SYSTEM D/B/A LEE HEALTH

By: _____

Date: _____



Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement FLSA |
| **FILE NAME** | BROWN WAYNE - Set...t FLSA 101819.pdf |
| **DOCUMENT ID** | 62899dd2d636fee96965631b53647e035fe656da |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**    **10 / 18 / 2019**    Sent for signature to Wayne Brown (biggadanuall@yahoo.com)
10:40:54 UTC-5    from jfp@thepalmalawgroup.com
IP: 73.0.216.26

**VIEWED**    **10 / 18 / 2019**    Viewed by Wayne Brown (biggadanuall@yahoo.com)
14:09:04 UTC-5    IP: 99.203.95.122

**SIGNED**    **10 / 18 / 2019**    Signed by Wayne Brown (biggadanuall@yahoo.com)
16:04:16 UTC-5    IP: 99.203.142.61

**COMPLETED**    **10 / 18 / 2019**    The document has been completed.
16:04:16 UTC-5

Powered by HELLOSIGN