UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAYNE O. BROWN, and other similarly
situated individuals,

     Plaintiff,

v.                                       Case No.:   2:19-cv-546-FtM-38MRM

LEE MEMORIAL HEALTH SYSTEM
FOUNDATION, INC.,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

The parties filed a Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice on October 18, 2019. (Doc. 15). The parties' fully executed settlement agreement is attached to their motion as Exhibit A. (*See* Doc. 15-1). For the reasons below, the Undersigned respectfully recommends that the motion be **GRANTED**, subject to the Court severing and striking the future employment provision in paragraph 5 of the agreement (Doc. 15-1 at ECF pp. 3-4 ¶ 5). Alternatively, if the Court does not sever and strike the future employment provision, the Undersigned respectfully recommends that the motion be denied without prejudice for the reasons explained below.

## LEGAL STANDARD

To approve the settlement of claims under the Fair Labor Standards Act ("FLSA"), the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised under the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c),

providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When employees sue, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees sue under the FLSA for back wages. *Id.* at 1354. According to the Eleventh Circuit:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## CLAIMS AND DEFENSES

Plaintiff brought this action under the FLSA alleging unpaid overtime wages. (Doc. 15 at 1; *see also* Doc. 1). Specifically, "Plaintiff alleged that he was owed an average of 2.5 hours per week corresponding to lunch time he alleges he did not take but which was nevertheless automatically deducted from his pay – regardless of whether he took lunch or not." (Doc. 15 at 4; *see also* Doc. 1 at ¶¶ 10-11). The Complaint alleges and the parties' motion explains that Plaintiff claims to be owed $7,946.04 for unpaid overtime, calculated as set forth in detail in the Complaint and the motion. (*See* Doc. 15 at 4-5; *see also* Doc. 1 at ¶ 32).

The parties reached a settlement before Defendant filed a response to the Complaint and before the Court could order Plaintiff to respond to the Court's standard interrogatories

concerning the details of Plaintiff's damages claim.  (*See* Docs. 13, 15).  According to the parties' motion, however, "Defendant has denied any and all liability with regards [sic] to Plaintiff's claims, including the amount of alleged unpaid overtime wages in this action and asserts that Plaintiff was paid correctly at all times under the FLSA.  Moreover, Defendant has denied any and all liability and asserts sovereign immunity in this matter."  (Doc. 15 at 1).

Additionally, the parties' motion confirms that this action represents a bona fide dispute under the FLSA:  "The Parties agree that the instant action involves disputed issues.  Although Defendant disputes its liability for the allegedly owed overtime wage payments to Plaintiff, it has ultimately agreed to pay Plaintiff the amount described [in the Motion] as a fair and reasonable compromise in order to resolve the disputed claims."  (*Id.* at 3).  In particular, "the parties agree that there are genuine disputes as to whether or not Plaintiff did in fact take lunch on a daily basis; and whether or not Plaintiff was in fact paid properly for all hours Plaintiff allegedly worked, including overtime."  (*Id.* at 6).  Moreover, the parties dispute whether "Plaintiff's claims should be dismissed in this forum, since [sic] Defendant, as a governmental agency, is entitled to sovereign immunity.  Consequently, Plaintiff could have been barred from any recovery whatsoever with regards [sic] to his claims for unpaid overtime wages in this forum had Defendant prevailed on its defense."  (*Id.*).  In terms of scope, the parties' proposed settlement resolves all of Plaintiff's claims, including the claims for attorney's fees and costs.  (*Id.* at 5).

## ANALYSIS

The specific terms of the settlement are contained in a written Settlement Agreement and Release, which is fully executed and attached to the parties' motion as Exhibit A (Doc. 15-1).  Below, the Undersigned examines aspects of the proposed settlement agreement (Doc. 15-1) and the parties' representations in the instant motion concerning the proposed settlement.

### A.     Monetary Terms

The proposed settlement agreement provides that Plaintiff will be paid a total of $5,000.00 as full relief and compensation of any alleged unpaid overtime wages as well as liquidated damages under the FLSA.  (Doc. 15 at 5; Doc. 15-1 at ECF pp. 1-2).  Of the $5,000.00 payment, $2,500.00 is allocated towards Plaintiff's unpaid overtime wages claim and the remaining $2,500.00 is allocated towards liquidated damages.  (Doc. 15 at 5; Doc. 15-1 at ECF pp. 1-2).  "The parties agree that upon careful review of Plaintiff's dates of alleged employment; hours and weeks which [sic] Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's employment, this amount represents a fair and reasonable compromise of the disputed claims."  (Doc. 15 at 5-6).  The parties also advise that "the amount of this settlement to Plaintiff is fair and reasonable given that:  Plaintiff will be receiving substantial compensation for his unpaid overtime claims; Plaintiff's claims are highly disputed; there are issues of material fact which [sic] are in dispute; and Plaintiff could be barred from recovery in this matter should it be established that the Defendant is entitled to sovereign immunity."  (*Id.* at 6).  Additionally, the parties state that "this settlement is also reasonable given the high costs of defending and litigating this matter further and the time and resources which would have been expended by both parties in taking this mat[t]er to trial."  (*Id.*).

The Undersigned agrees with the parties' characterization of the monetary terms of settlement as fair and reasonable to the Plaintiff for the reasons the parties advance.  Thus, the Undersigned recommends that the Court approve the monetary terms of the settlement.

### B.     Non-Cash Concession – Future Employment Provision

The parties' motion states that "[i]n addition to a release of any wage and hour claims, Plaintiff has also agreed to a no-rehire provision that prohibits him from seeking employment

4

with Defendant in the future." (Doc. 15 at 7). The parties explain that "[g]iven the highly disputed nature of Plaintiff's claims[,] the parties jointly assert that the payments Defendant has agreed to make to [Plaintiff] serve as adequate consideration both for Plaintiff's release of claims and his agreement not to seek employment with Defendant in the future." (*Id.*). Although this explanation implies that some portion of the settlement amount constitutes separate consideration for Plaintiff's agreement to the future employment provision, the parties do not state with specificity how much of the settlement is so attributed, nor do they explain why that amount should be deemed fair and reasonable under the circumstances of this case. (*See id.*).

A number of jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement, and require their own fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

Notwithstanding this line of cases, other jurists in this District have approved non-cash concessions in FLSA settlement agreements where the concessions were negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

Here, the proposed restriction against future employment is a non-cash concession by the Plaintiff that clearly inures to Defendant's exclusive benefit with no identifiable consideration attributed to that concession and with no apparent mutuality of consideration. (*See* Doc. 15-1 at

ECF pp. 3-4 ¶ 5). Thus, the parties' decision to include this non-cash concession in the settlement agreement without greater explanation would normally preclude the Court's approval of the settlement agreement as fair and reasonable to Plaintiff.

However, the settlement agreement contains a severability clause that states "[i]n the event any provision of this Agreement should be held by a court of competent jurisdiction to be unenforceable and incapable of being modified to be legal, each and all of the other provisions of this Agreement shall remain in full force and effect." (Doc. 15-1 at ECF p. 5 ¶ 10(D)). This Court has stricken certain unacceptable or unenforceable provisions of a settlement agreement before approving the settlement agreement. *See Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013); *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-ORL-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016). The severability clause in the Settlement Agreement here would appear to permit such a result because the Undersigned finds that the future employment provision is both unenforceable if not approved by the Court and incapable of being modified to be legal in the absence of any explicitly attributed consideration paid to Plaintiff for the non-cash concession. Rather than reject the proposed settlement and force the parties to re-visit the issue of specific consideration attributed to the future employment provision in paragraph 5 of the agreement, the Undersigned recommends that the Court sever and strike that problematic provision and approve the settlement agreement with that modification.

Alternatively, if the presiding United States District Judge disagrees that the severability clause of the settlement agreement provides a viable solution to the impediment created by the future employment provision of the agreement, then the Undersigned recommends that the

6

parties' motion should be denied without prejudice to the parties' ability to revisit the issues raised herein concerning that provision and refile the motion.

### C. Attorney's Fees and Costs

The proposed settlement provides that Plaintiff's counsel will receive $3,625.00 in attorney's fees and $500.00 in costs, for a total payment of $4,125.00. (Doc. 15 at 7; Doc. 15-1 at ECF pp. 2). The fees portion of this payment is premised on Plaintiff's counsel's hourly rate of $375.00 and over 10 hours of time expended in this case for document review, informal discovery, attorney-client communications, settlement negotiations with Defendant's counsel, and "other off-the-record activity." (Doc. 15 at 7). The parties' motion states that "Plaintiff's counsel's attorney's fees and costs were negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff. Consequentially [sic], Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid by his attorney." (Doc. 15 at 7).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure [sic] that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable

> on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorney's fees and costs were agreed upon without compromising the amount paid to Plaintiff. (Doc. 15 at 7). The Undersigned finds, therefore, that the proposed settlement of Plaintiff's attorney's fees and costs is reasonable and fair.

In sum, the Undersigned finds and recommends that the proposed settlement in this case is a fair and reasonable resolution of the FLSA claim in this case and the parties' motion to approve the settlement should be approved, subject to the Court severing and striking the future employment provision in paragraph 5 of the settlement agreement. Alternatively, if the Court does not sever and strike the future employment provision, the Undersigned respectfully recommends that the motion be denied without prejudice for the reasons explained above.

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (Doc. 15) be **GRANTED**, subject to the Court severing and striking paragraph 5 of the agreement (Doc. 15-1 at ECF pp. 3-4 ¶ 5) containing the future employment provision. Alternatively, if the Court does not sever and strike the future employment provision, the motion should be denied without prejudice.

2. The Court approve the parties' Settlement Agreement and Release (Doc. 15-1), subject to the Court severing and striking paragraph 5 of the agreement (Doc. 15-1 at ECF pp. 3-4 ¶ 5) containing the future employment provision.

3. If the presiding District Judge adopts this Report and Recommendation and grants the parties' motion, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

4. If, however, the presiding District Judge adopts the alternative recommendation made herein and denies the parties' motion without prejudice, then the Court should enter an order:

   a. setting a reasonable deadline for either (1) the parties to file an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein or (2) Defendant to respond to the Complaint; and

   b. directing the Clerk of Court to enter the standard FLSA scheduling order.

Respectfully **RECOMMNEDED** in Chambers in Ft. Myers, Florida on December 1, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties